UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORNE LEROY SCOTT,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>CAMMILLA WAMSLEY, BRUCE SCOTT, KRISTI NOEM, PAMELA BONDI, DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　　　　Respondents. | CASE NO. 2:25-cv-01819-TMC-BAT<br><br>**ORDER GRANTING MOTION TO EXPEDITE AND DIRECTING SERVICE** |

　　　　Habeas petitioner Lorne Leroy Scott contends that he is entitled to release from the Northwest Immigration and Customs Enforcement Processing Center (NWIPC) because the conviction for which he was initially detained and ordered removed has been vacated. Dkt. 1. Petitioner now seeks to expedite the briefing schedule on his habeas petition, requesting a return within five days of this order and a response three days after that. Dkt. 2. He argues that Congress's intent to provide a prompt remedy is reflected in 28 U.S.C. § 2243, and that typical habeas petition timelines in this district do not meet this standard, taking three months or more. He further argues that many other district courts decide habeas petitions in days or weeks.

　　　　The briefing schedule on a § 2241 habeas petition is committed to the discretion of the Court. *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985). As it has done in other

ORDER GRANTING MOTION TO
EXPEDITE AND DIRECTING SERVICE - 1

recent cases, the Court examines the circumstances of each case when fixing deadlines for a return and response to a habeas petition. Here, Petitioner alleges that he has been detained in NWIPC for over eighteen months, since March 12, 2024. Dkt. 1 at ¶ 26. He claims ICE detained him in March 2024 because he was convicted in California and pled guilty to robbery, a deportable offense. *Id.* at ¶¶ 25–26. After the robbery conviction was vacated in February 2025, he promptly filed a motion to remand his case to terminate removal, which remains pending several months later. *Id.* at ¶¶ 29–30. Petitioner contends that the immigration judge at his bond hearing erroneously concluded he was subject to mandatory detention under 8 U.S.C. § 1226(c), but he is detained under 8 U.S.C. § 1226(a) because his conviction for a deportable offense has been vacated. *Id.* at ¶¶ 33–34. Meanwhile, he claims he has suffered from the effects of Crohn's disease for which Respondents have failed to provide adequate medical care. *Id.* at ¶ 39.

In light of these allegations, the Court finds a basis to accelerate this matter. Petitioner has been detained for over 18 months, under circumstances that have changed materially since he was first detained, raising questions about the legality of his detention. Furthermore, he alleges he suffers the effects of a medical condition which is inadequately treated. In light of the potential health consequences of delay, and the fact that habeas petitioners are entitled to a prompt ruling, the Court concludes that expedited briefing is merited.

As an aside, the Court notes that Petitioner's proposed order submitted alongside his motion implicitly requested that the Court direct service of Petitioner's motion upon Respondents. The Court will do so for expediency. However, the Court reminds Petitioner that, under Local Civil Rule 4, the United States Marshals Service is not responsible for serving process on behalf of private litigants. In general, counsel is responsible for arranging service of process in compliance with the Federal Rules, including Rule 5(a)(1)(B), which requires that "a

pleading filed after the original complaint" be "served on every party." Parties may, of course, move the Court to effect service of process per Local Civil Rule 4, but should generally make such a request explicitly.

The Court **ORDERS**:

1. Petitioner's Ex Parte Motion to Issue Order to Show Cause and Issue Expedited Briefing Schedule, Dkt. 2, is **GRANTED**.

2. The Clerk is directed to serve the habeas petition, Dkt. 1, upon Respondents and shall immediately email a copy of this order to usawaw.habeas@usdoj.gov.

3. Respondents shall file a return to the habeas petition by **October 2, 2025.** Any reply is due by **October 9, 2025.** The Clerk shall note the matter as ready for the Court's consideration on **October 10, 2025**.

4. The parties have a right to consent to have the case heard by the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent **by no later than October 2, 2025,** by emailing Deputy Andy Quach at andy_quach@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If the parties decline, the case will remain assigned to District Judge Cartwright.

DATED this 22nd day of September, 2025.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER GRANTING MOTION TO
EXPEDITE AND DIRECTING SERVICE - 3