UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORNE LEROY SCOTT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>CAMMILLA WAMSLEY,<br><br>　　　　　Respondent. | Case No. 2:25-cv-1819<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.　ORDER

Petitioner Lorne Leroy Scott moves for reconsideration of this Court's Order denying in part Scott's habeas petition. Dkt. 21; *see* Dkt. 19. Scott argues that this Court committed manifest error when it ruled that the posture of his removal proceedings limits its jurisdiction to review the legality of his custody under 8 U.S.C. § 1226(c). *See* Dkt. 21 at 3–10. Scott also attaches an order showing that, after this Court ordered that he receive an individualized bond hearing under the Due Process clause, he remains detained because the immigration judge found that "DHS has established by clear and convincing evidence that [Scott] is both a Danger to Community and a Flight Risk." Dkt. 21-2 at 1.

Motions for reconsideration are "rarely granted." *Colchester v. Lazaro*, No. C20-1571 MJP, 2022 WL 1078573, at *2 (W.D. Wash. Apr. 11, 2022). They "should not be granted, absent

ORDER DENYING MOTION FOR RECONSIDERATION - 1

highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."). "'Clear error' for purposes of a motion for reconsideration occurs when 'the reviewing court on the entire record is left with a definite and firm conviction that a mistake has been committed.'" *Baptiste v. LIDS*, No. C 12-5209 PJH, 2014 WL 1677597, at *4 (N.D. Cal. Apr. 28, 2014) (quoting *Smith v. Clark Cnty. Sch. Dist.,* 727 F.3d 950, 955 (9th Cir. 2013)).

Scott's motion does not meet this standard. Even if the jurisdictional ruling was incorrect, Scott ignores this Court's separate ruling in the habeas order that "even if the Court granted relief on [the § 1226(c) ground], the appropriate relief would be to order a bond hearing under § 1226(a)," the same relief the Court granted to remedy the procedural due process violation. Dkt. 19 at 12 n.7. Scott points to a case from the Southern District of New York in which the district court ordered release of a habeas petitioner whose underlying state court conviction had been vacated. *Rodriguez Nunez v. Arteta*, No. 25-cv-9225 (AS), 2025 WL 3458587 (S.D.N.Y. Dec. 2, 2025). But the procedural posture of *Rodriguez Nunez* is distinguishable. In that case, the Board of Immigration Appeals (BIA) had not yet ruled on the petitioner's motion to remand the case or terminate his removal proceedings. *Id.* at *1. Here, in contrast, the BIA had already concluded that Scott's California conviction remained valid for immigration purposes despite its vacatur. *See id.* at *2; *see* Dkt. 19 at 4–5. It was this decision—which, even if erroneous, remains the last word on Scott's removability until a ruling from the Ninth Circuit—that informed both

ORDER DENYING MOTION FOR RECONSIDERATION - 2

this Court's jurisdictional ruling and its conclusion that even absent the jurisdictional barrier the only available relief would be a bond hearing under § 1226(a). Scott has not shown that this conclusion was manifest error.

While the Court understands the consequences of the BIA's ruling and the IJ's bond denial for Mr. Scott, Congress has placed those decisions beyond this Court's authority. The motion for reconsideration (Dkt. 21) is therefore DENIED.

Dated this 12th day of January, 2026.

*(signature)*
Tiffany M. Cartwright
United States District Judge