UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LORNE LEROY SCOTT,<br>Petitioner,<br>v.<br>JULIO HERNANDEZ, et al.,[1]<br>Respondents. | Case No. 2:25-cv-1819-TMC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES |

## I. INTRODUCTION

Petitioner Lorne Leroy Scott obtained habeas relief when this Court held that his prolonged immigration detention without a bond hearing violated due process. Dkt. 19. He now moves for an award of attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Dkt. 23. Federal Respondents argue that fees should be denied because their legal positions were substantially justified, and that if fees are awarded, the amount should be reduced because Scott prevailed on only some of his claims. Dkt. 25 at 1. Because Federal Respondents'

[1] Julio Hernandez, Acting Director for the Seattle Field Office, Enforcement and Removal Operations, United States Immigration and Customs Enforcement, is substituted for Cammilla Wamsley; Markwayne Mullin, Secretary of the United States Department of Homeland Security, is substituted for Kristi Noem; and Todd Blanche, Attorney General of the United States, is substituted for Pamela Bondi. Fed. R. Civ. P. 25(d). The Clerk is directed to amend the caption to reflect these changes.

position on Scott's request for a bond hearing was not substantially justified, Scott's successful and unsuccessful claims were related, and the relief Scott obtained was significant, the Court GRANTS the motion for attorney's fees.

## II. LEGAL STANDARD

"The EAJA provides . . . that in an action brought by or against the United States, a court must award fees and expenses to a prevailing non-government party 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Medina Tovar v. Zuchowski*, 41 F.4th 1085, 1089 (9th Cir. 2022) (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* Substantially justified means "justified to a degree that could satisfy a reasonable person." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). The court examines "both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* "The government's position must be substantially justified at each stage of the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (internal quotation marks omitted) (quoting *Williams v. Bowen*, 966 F.2d 1259, 1261 (9th Cir. 1991)). Whether the government's position was substantially justified is a matter of discretion for the district court. *Meier*, 727 F.3d at 869.

Under Federal Rule of Civil Procedure 54(d)(2)(C), when ruling on a motion for attorney's fees, the Court "must find the facts and state its conclusions of law as provided in Rule 52(a)," meaning "the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1), 54(d)(2)(C).

## III. FINDINGS OF FACT

1. Petitioner Scott was a legal permanent resident when he pleaded guilty to home invasion robbery in California Superior Court in January 2020. Dkt. 19 at 2. After he served more than five years in custody pre- and post-conviction, officers from the Department of Homeland Security (DHS) transferred Scott to immigration detention in March 2024. *Id.* He has remained in custody ever since under the mandatory detention provision of 8 U.S.C. § 1226(c) while DHS seeks his removal from the United States. *Id.* at 2–3.

2. In December 2024, an Immigration Judge (IJ) denied Scott's claims for relief and concluded that he was removable because his robbery conviction was an aggravated felony. *Id.* at 3 & n.2.

3. In February 2025, while Scott's appeal of his removal order was pending at the Board of Immigration Appeals (BIA), the California Superior Court vacated Scott's underlying robbery conviction, finding that his guilty plea had been involuntary. *Id.* at 3. Scott entered guilty pleas to new charges. *Id.*

4. Scott then moved to remand his removal proceedings from the BIA and terminate them, because his removal order was based on the now-vacated robbery conviction. *Id.* at 4. He also challenged his ongoing mandatory detention under § 1226(c) before an IJ, who concluded he was still subject to mandatory detention. *Id.*

5. On September 19, 2025, Scott filed his habeas petition in this case. Dkt. 1. A week later, the BIA issued an opinion dismissing Scott's appeal of his removal order. *See* Dkt. 19 at 4. Scott petitioned for review by the Ninth Circuit, which stayed his removal. *Id.*

6. Scott's habeas petition raised three claims: (1) that his detention violated § 1226(c) because neither his vacated conviction nor his new plea supported mandatory detention; (2) that his conditions of confinement and prolonged detention violated substantive due process; and (3) that his detention without a bond hearing violated procedural due process. Dkt. 1 ¶¶ 49–134.

7. Federal Respondents contested each claim. They argued that Scott had not exhausted his administrative remedies; that the Court lacked jurisdiction over his § 1226(c) claim because it was inextricably linked to his removal proceedings; that Scott's detention was not punitive; and that, while Scott's detention was prolonged, it did not violate due process to continue holding him without a bond hearing. *See* Dkt. 11.

8. On December 8, 2025, the Court granted Scott's petition in part and denied it in part. Dkt. 19. The Court concluded that exhaustion of administrative remedies was not required; that it lacked jurisdiction to determine whether Scott's detention under 8 U.S.C. § 1226(c) violated the Immigration and Nationality Act because that question was inextricably linked to his order of removal, which had been affirmed by the BIA; that Scott had not shown his detention had become unconstitutionally punitive so as to violate substantive due process; but that Scott's ongoing detention without a bond hearing violated procedural due process.

9. Scott now seeks an award of $26,998.55 in attorney's fees and costs under the EAJA. Dkt. 27-1.

10. Federal Respondents argue that fees should be denied because their positions were substantially justified. Dkt. 25 at 4–5. Alternatively, they argue that any fee award should be reduced for limited success. *Id.* at 6–7.

## IV. CONCLUSIONS OF LAW

1. Federal Respondents do not dispute that Scott is a prevailing party on his procedural due process claim. *See* 28 U.S.C. § 2412(d)(1)(A); Dkt. 25 at 6. The Court's order granting a bond hearing was a "judicially sanctioned change in the legal relationship of the parties." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 605 (2001); *see Wood v. Burwell*, 837 F.3d 969, 974 (9th Cir. 2016).

2. Federal Respondents' position with respect to whether due process entitled Scott to a bond hearing was not substantially justified. The Court agrees with Scott that the multifactor *Martinez* framework for evaluating claims of unconstitutionally prolonged detention is well established in this district. Dkt. 23 at 7; *see Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089 (W.D. Wash. May 23, 2019). The Court also agrees that Federal Respondents did not meaningfully engage with many of the factors—they conceded that the length of detention favored Scott, but largely ignored factors such as the length of future detention, conditions of confinement, and likelihood of a successful defense to removal, all of which tipped sharply in Scott's favor. *See* Dkt. 19 at 16–19; Dkt. 23 at 8. It was clear, under any reasonable application of the *Martinez* framework, that Scott's detention without even the opportunity for bond had become unconstitutionally prolonged. Finally, the Court also agrees with Scott that Federal Respondents' argument about the burden of proof at his bond hearing contradicted established Ninth Circuit precedent. *See* Dkt. 19 at 19–20; Dkt. 23 at 8–9.

3. Federal Respondents' position was therefore not substantially justified, and there are no other special circumstances that would make an award of fees under the EAJA unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

4. Federal Respondents are correct that Scott did not prevail on his statutory or substantive due process claims. But those claims are related "both legally and factually" to his successful claim. *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (emphasis omitted) (quoting *Webb v. Sloan*, 330 F.3d 1158, 1169 (9th Cir. 2003)). Scott's statutory claim that his detention was no longer justified under § 1226(c) informed the *Martinez* factor that asks whether a petitioner has good faith defenses to removal. *See* Dkt. 19 at 19 ("Scott has not just a good faith challenge, but strong arguments that the BIA erred by upholding his removal order and will be reversed by the Ninth Circuit."). Similarly, Scott's substantive due process claim based on inadequate medical care overlapped with the *Martinez* factor that considers the conditions of detention. *See id.* at 18 ("Scott has presented at least some evidence that while in Respondents' custody, he has struggled to obtain appropriate medical care and meals for his Crohn's disease, and that these conditions have been even worse than those he experienced in state prison.").

5. If "the unsuccessful and successful claims are related, then the court must . . . evaluate[] the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Dang*, 422 F.3d at 813 (quoting *Schwarz v. Sec. of Health & Hum. Servs.*, 73 F.3d 895, 901–02 (9th Cir. 1995)). "[A] plaintiff who has won substantial relief should not have his

attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983).

6. The relief Scott obtained was substantial. The Court concluded that his ongoing detention without a bond hearing violated the Fifth Amendment's due process clause. And the Court ordered that the government would have to prove by clear and convincing evidence that his ongoing detention was justified. Even if the Court did not order his immediate release, the litigation resulted in "relief that afforded Petitioner an opportunity for release that had been denied to him for more than 20 months." Dkt. 27 at 6.

7. The Court will reduce the requested paralegal rate to $236 per hour, consistent with its other orders on reasonable fees for NWIRP's paralegals. *See, e.g.*, *Y.M.M. v. Wamsley*, No. 2:25-cv-02075-TMC (W.D. Wash. Mar. 24, 2026), Dkt. 23 at 4–5 ¶¶ 15–16. Because Scott's counsel billed only .75 hours of paralegal time, however, this results in a reduction of only $14.25. *See* Dkt. 27-1.

8. The Court awards Scott $26,979.30 in attorney's fees.

9. The Court awards Scott $5.00 in costs.

## V. CONCLUSION

Scott's motion for attorney's fees (Dkt. 23) is GRANTED. Petitioner Scott is awarded fees and costs under the EAJA in the amount of $26,984.30. The judgment is hereby amended to include this award in favor of Petitioners. See Fed. R. Civ. P. 58(a)(3) (clarifying that a separate document is not required for an order disposing of a motion for attorney's fees).

Dated this 2nd day of October, 2026.

Tiffany M. Cartwright
United States District Judge